# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of J. Marcus Whitlark, Respondent.

Appellate Case No. 2017-002323

---

Opinion No. 27781
Submitted February 21, 2018 – Filed March 14, 2018

---

### DEFINITE SUSPENSION

---

John S. Nichols, Disciplinary Counsel, and Ericka M. Williams, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Joshua Snow Kendrick, of Kendrick & Leonard, P.C., of Greenville, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to a public reprimand or a definite suspension not to exceed six months.[1]  As a condition of discipline, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct within thirty days of imposition of sanction.  Respondent also agrees to enter into a payment agreement with the Commission within thirty days of the acceptance of the Agreement for payment of restitution to the court reporter referenced below in the amount of $3,239.11.  We accept the Agreement and

---

[1] In 2009, petitioner received an admonition citing Rules 1.15 and 8.4 of the Rules of Professional Conduct (RPC), Rule 407, SCACR, and Rule 417, SCACR.

suspend respondent from the practice of law in this state for six months. The facts, as set forth in the Agreement, are as follows.

## Facts

## Matter A

On approximately seven occasions during February 2005 and October 2007, respondent and his previous law partner retained the services of a court reporter for appearances and depositions. Transcripts of the depositions were ordered by respondent and his law partner and delivered to their law offices, along with an invoice for each transcript. The total amount of the outstanding invoices was approximately $4,040.69. When the invoices remained unpaid, the court reporter filed an action in magistrate's court and obtained a default judgment against respondent and his law partner for the amount of the unpaid invoices plus court costs, for a total of $4,120.69. Respondent failed to pay his portion of the unpaid invoices — $3,279.11. Respondent represents he was initially unaware of the outstanding invoices or of the court reporter's lawsuit and judgment. However, respondent was put on notice of the allegations by ODC on or about March 29, 2012, and he has still failed to pay the outstanding invoices.

## Matter B

Respondent represented Client B in a personal injury action. Client B was treated by a neurologist for injuries sustained in an automobile accident which formed the basis for the action. In May 2000, respondent and Client B executed an authorization and agreement to pay the neurologist's fees. The total amount of the neurologist's bill after treatment was approximately $71,000. During trial, respondent presented the neurologist's bill and presented testimony from the neurologist regarding Client B's injuries. Client B was successful at trial and ultimately obtained a monetary award for injuries in the amount of $800,000.

After trial, respondent attempted to negotiate the amount of the neurologist's bill. After closely scrutinizing the neurologist's charges, respondent believed some of the charges had been inflated and some charges were fraudulent. The neurologist eventually filed a lawsuit against respondent and Client B to recover the full amount of his bill. The jury awarded the neurologist $9,054.81.

Respondent failed to disclose to the trial judge in the personal injury action that he

had offered material evidence and testimony at trial — in the form of the neurologist's bill and testimony — that he later learned was partially false. In addition, by the time the neurologist's action against respondent and Client B was resolved, respondent had distributed all remaining settlement funds to Client B. Respondent failed to hold the disputed $71,000 in trust pending resolution of the dispute.

## Law

With regard to Matter A, respondent admits he has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 4.4(a) ("In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.") and Rule 8.4(e) ("It is professional misconduct for a lawyer to: . . . (e) engage in conduct that is prejudicial to the administration of justice[.]").

With regard to Matter B, respondent admits he has violated the following Rules of Professional Conduct: Rule 1.15(e) ("When in the course of representation a lawyer is in possession of property in which two or more persons (one of whom may be the lawyer) claim interests, the property shall be kept separate by the lawyer until the dispute is resolved. The lawyer shall promptly distribute all portions of the property as to which the interests are not in dispute."); Rule 3.3(a)(1) ("A lawyer shall not knowingly: (1) . . . *fail to correct* a false statement of material fact or law previously made to the tribunal by the lawyer[.]") (emphasis added); Rule 3.3(a)(3) ("If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and *the lawyer comes to know of its falsity*, the lawyer shall take reasonable remedial measures, including, if necessary, *disclosure to the tribunal*.") (emphasis added); Rule 8.4(a) ("It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct . . . .").

Finally, respondent admits the allegations contained in the Agreement constitute grounds for discipline under Rule 7(a)(1), RLDE ("It shall be a ground for discipline for a lawyer to: (1) violate or attempt to violate the Rules of Professional Conduct, Rule 407, SCACR, or any other rules of this jurisdiction regarding professional conduct of lawyers[.]").

## Conclusion

We find respondent's misconduct warrants a definite suspension from the practice of law in this state for six months.  Within thirty days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct and enter into a payment agreement with the Commission for payment of restitution to the court reporter referenced in Matter A in the amount of $3,239.11.  Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**